UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ABEL COVARRUBIAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 1:20-cv-01274-TWP-DLP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

Petitioner Abel Covarrubias seeks relief from his convictions in No. 1:15-cr-81-TWP-DKL. He does so after having previously challenged his conviction pursuant to 28 U.S.C. § 2255 in *Covarrubias v. United States*, 1:18-cv-2323-TWP-MJD. That action was decided on the merits and dismissed with prejudice.

Because Covarrubias's current § 2255 motion is successive to his previous motion and that motion was denied on the merits, the current motion must be summarily dismissed for lack of jurisdiction. The Seventh Circuit has explained:

> The Antiterrorism and Effective Death Penalty Act requires a prisoner to receive the prior approval of the Court of Appeals before filing a second or successive motion under § 2255. See 28 U.S.C. § 2255(h); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "No matter how powerful a petitioner's showing, only [the appellate] court may authorize the commencement of a second or successive petition. ... From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez*, 96 F.3d at 991 (emphasis in original).

*Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018).

This action is therefore dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in** No. 1:15-cr-81-TWP-DKL. The motion to vacate, Crim. Dkt. [157], shall also be **terminated** in the underlying criminal action.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Covarrubias has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

Date: 4/30/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ABEL COVARRUBIAS
12676-028
FORT DIX - FCI
FORT DIX FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 2000
FORT DIX, NJ 08640